UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID IAN LEHRFELD, individual and dba Quadrasphere, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT EDGEMONTI, et al.,<br><br>Defendants. | No. 2:18-cv-1755 MCE DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Defendants Robert Edgemonti and Donna Rae Edgemonti are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's motion to remand and defendants' motion to remove plaintiff's counsel and stay these proceedings. (ECF Nos. 18 & 21.) For the reasons explained below, the undersigned recommends that plaintiff's motion to remand be granted and this matter be remanded to the Sacramento County Superior Court.

**BACKGROUND**

Plaintiff David Ian Lehrfeld, proceeding through attorney Richard E. Lehrfeld, commenced this action on February 27, 2018, by filing a complaint in the Sacramento County Superior Court. (ECF No. 1 at 6.) The complaint alleges generally that defendants Robert Edgemonti, Donna Rae Edgemonti, and Caroll King "Rey" Mendez, individually and doing

1

business as defendant La Jolla Del Mar Partners, Inc., defendant XYZ Entertainment Group, LLC, and defendant BDR Music Productions LLC, wrongfully induced plaintiff to obtain a lien against a Lexus owned by plaintiff's father and a second mortgage on plaintiff's residence. (Compl. (ECF No. 1) at 9-10.) The complaint asserts various state law causes of action for breach of fiduciary duty, fraud, infliction of emotional distress, conversion, and negligence. (Id. at 6.)

On June 19, 2018, defendants Robert Edgemonti and Donna Rae Edgemonti filed a notice of removal of the action to this court. (ECF No. 1.) On July 26, 2018, the assigned District Judge issued an order to show cause as to why this action should not be remanded due to a lack of complete diversity. (ECF No. 5.) Defendants Robert Edgemonti and Donna Rae Edgemonti filed a response to the order to show cause on August 8, 2018. (ECF No. 6.) The assigned District Judge discharged the order to show cause on September 5, 2018. (ECF No. 7.) On November 16, 2018, plaintiff filed a status report seeking leave to file a motion to remand. (ECF No. 13.) On November 26, 2018, plaintiff's request was granted. (ECF No. 15.)

On December 18, 2018, defendants Robert Edgemonti and Donna Rae Edgemonti filed the pending motion seeking to have plaintiff's attorney removed from this action. (ECF No. 18.) On January 2, 2019, plaintiff filed the pending motion to remand. (ECF No. 21.) Plaintiff filed an opposition to the motion to withdraw on February 7, 2019. (ECF No. 30.) Defendants Robert Edgemonti and Donna Rae Edgemonti filed an opposition to the motion to remand on February 15, 2019. (ECF No. 32.)

**ANALYSIS**

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking

removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)); see also Provincial Gov't of Martinduque, 582 F.3d at 1087.  Where the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter.  "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a

foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, there is no dispute that federal question jurisdiction is lacking. Instead, defendants' notice of removal asserts that this court has diversity jurisdiction over this action. (ECF No. 1 at 2.) The notice of removal states that it was filed by defendants Robert Edgemonti and Donna Rae Edgemonti "with the consent of Defendant Caroll King Mendez[.]" (Id.) The notice of removal, however, is signed only by the defendants Robert Edgemonti and Donna Rae Edgemonti. (Id. at 4.)

The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.") Accordingly, "[a]ll pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona." Local Rule 131(b).

Moreover, "[a]ll defendants must join in a removal petition with the exception of nominal parties." Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986); see also Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992) ("The courts have read these words to mean that, if there is only one defendant then that defendant may remove the case; however, if there is more than one defendant, then the defendants must act collectively to remove the case."). "If fewer than all defendants join in removal, the removing party has the burden to affirmatively explain the absence of the non-joining defendants in the notice of removal." Lopez v. BNSF Ry. Co., 614 F.Supp.2d 1084, 1087 (E.D. Cal. 2007) (citing Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999)).

1    On October 17, 2018, defendants were ordered to file a status report addressing, in
2 relevant part, this issue. (ECF No. 12 at 2.) On November 25, 2018, defendants Robert
3 Edgemonti and Donna Rae Edgemonti filed a status report. (ECF No. 14.) That status report,
4 however, does not discuss the absence of the other defendants. Nor does the opposition to
5 plaintiff's motion to remand filed by defendants Robert Edgemonti and Donna Rae Edgemonti.
6 (ECF No. 32.)

7    The notice of removal also asserts that the matter in controversy exceeds $75,000. (ECF
8 No. 1 at 3.) "Generally, the amount in controversy is determined from the face of the pleadings."
9 Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). The complaint here,
10 however, does not plead a specific amount of damages. (ECF No. 1 at 26-27.) Nor is it clear
11 from the factual allegations that the amount in controversy exceeds $75,000. (Id. at 9-11.)

12    "Where it is not facially evident from the complaint that more than $75,000 is in
13 controversy, the removing party must prove, by a preponderance of the evidence, that the amount
14 in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co.,
15 319 F.3d 1089, 1090 (9th Cir. 2003); see also Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117
16 (9th Cir. 2004). When doubt exists, the matter should be remanded to state court. Matheson, 319
17 F.3d at 1090 (footnote omitted). Here, defendants have made no effort to prove that the amount
18 in controversy meets the jurisdictional threshold.

19    Finally, defendants' notice of removal also asserts that there is complete diversity of
20 citizenship between plaintiff and all defendants. (ECF No. 1 at 3.) Central to this assertion is the
21 claim by defendants Robert Edgemonti and Donna Rae Edgemonti that defendant "Caroll King
22 Mendez is a citizen of Mexico" and not California as plaintiff alleges. (ECF No. 1 at 3, 6-7; ECF
23 No. 6 at 3.) But defendants have offered no evidence to support this assertion. See Travaglio v.
24 American Exp. Co., 735 F.3d 1266, 1270 (11th Cir. 2013) ("we consistently have required some
25 evidence to assure us jurisdiction exists"). Nor has defendant Mendez appeared in this action. As
26 noted above, "'[t]he burden of establishing federal jurisdiction falls on the party invoking
27 removal.'" Harris, 26 F.3d at 932.
28 ////

For the reasons stated above, the undersigned recommends that plaintiff's motion to remand be granted.[1] In light of this recommendation, the undersigned will not address defendants' motion to remove plaintiff's attorney.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 2, 2019 motion to remand (ECF No. 21) be granted; and

2. This action be remanded to the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\lehrfeld1755.remand.f&rs

---

[1] Plaintiff's motion also contains a vague and conclusory, single sentence, request for $4,000 in sanctions. (ECF No. 6 at 3.) The undersigned recommends that request be denied.

6